IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK LAVERY, | ) |
| | ) |
| Plaintiff, | ) No. 13-cv-05818 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| RADIOSHACK CORPORATION, | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Lavery filed this lawsuit against Defendant RadioShack Corporation ("RadioShack") under the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), an amendment to the Fair Credit Reporting Act ("FCRA"). Before the Court is RadioShack's Motion to Dismiss Lavery's Amended Complaint ("Motion to Dismiss"). (Dkt. No. 16.) For the reasons explained below, RadioShack's Motion to Dismiss is denied.

## BACKGROUND

As set forth in the Amended Complaint,[1] Lavery alleges that RadioShack willfully violated FACTA by printing his expiration date on a credit card receipt when Lavery made a transaction at a Chicago RadioShack location. (Dkt. No. 27 at ¶ 17.) Lavery opted out of a class action settlement based on similar allegations that was ultimately approved on February 7, 2014. *See Redman v. RadioShack Corp.*, Mem. Op., No. 11-cv-6741 (N.D. Ill., Feb. 7, 2014) (Dkt. No. 158).

On August 14, 2013, Lavery commenced this action. RadioShack moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 16, 2013, arguing

---

[1] For the purposes of the Motion to Dismiss, the Court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in favor of the plaintiff. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

that there were insufficient facts to "establish the requisite recklessness required to plead a willful FACTA violation under 15 U.S.C. § 1681n." (Dkt. No. 16 at 2, 7.) In lieu of a response, Lavery filed an Amended Complaint that corrected what appears to have been a typographical error in the alleged transaction date[2] and added facts to support his allegation that RadioShack willfully violated FACTA. (*See* Dkt. No. 27.) Specifically, Lavery pleaded additional facts detailing the obligation for RadioShack to become compliant with FACTA that was imposed both by statute and by major companies involved in the processing of credit cards. (*Id.* at ¶¶ 7-8, 10, 13-17.) Instead of requiring RadioShack to submit an entirely new motion to dismiss, the Court permitted RadioShack to stand on its previously-filed motion to dismiss and to file a short supplemental brief to address whether the new allegations in the Amended Complaint cured the purported defects in Lavery's pleading. (Dkt. No. 21.) On February 14, 2014, RadioShack supplemented its motion to dismiss, arguing that the allegations in the Amended Complaint still are inadequate because they are too general and do not plead facts that explain why the alleged FACTA violation was willful. (Dkt. No. 22.) Lavery then responded to the Motion to Dismiss, as supplemented, and RadioShack filed a reply brief. (Dkt. Nos. 23, 24.) The motion now stands fully briefed.

## DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleading facts "merely consistent with" a defendant's liability and pleading legal conclusions disguised as factual allegations are, by themselves, insufficient. *Id.* at 678 (citing *Twombly*, 550

---

[2] Lavery's initial complaint, filed on August 14, 2013, alleged a transaction date of August 15, 2013. (Dkt. No. 1 at ¶ 10.)

2

U.S. at 556). This pleading standard does not necessarily require a complaint to contain "detailed factual allegations." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

FACTA requires merchants that accept credit and debit cards to truncate all but the last five digits of the card number and the expiration date on receipts. 15 U.S.C. § 1681c(g)(1). FACTA further provides for civil liability in the event of a willful violation. 15 U.S.C. § 1681n; *see also Van Straaten v. Shell Oil Prods. Co. LLC*, 678 F.3d 486, 489 (7th Cir. 2012). The Supreme Court has interpreted willfulness under FCRA as including both violations committed "knowingly" and those committed "recklessly." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-57 (2007); *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-133 (1988). A reckless violation is one that violates an objective standard—*i.e.*, conduct that involves "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Since they frequently involve facts beyond the pleadings, issues of willfulness often cannot be resolved at the motion to dismiss stage. *Romano v. Active Network Inc.*, No. 09-cv-1905, 2009 WL 2916838, at *3 (N.D. Ill. Sep. 3, 2009).

The Amended Complaint in this case adequately alleges willfulness because it avers that RadioShack was on notice of FACTA's truncation requirement, and thus it is plausible to infer either a knowing or reckless violation from the facts pleaded. *See Safeco*, 551 U.S. at 56-57, 68. Specifically, Lavery alleges that, "FACTA gave merchants who accept credit and debit cards up

3

to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006," and that the requirements "w[ere] widely publicized." (Dkt. No. 27 at ¶¶ 3, 10.) He further alleges that major companies involved in the processing of credit cards, "VISA, MasterCard, other card associations, acquirers, and issuers," advised and contractually required merchants to comply with FACTA's requirements. (*Id.* at ¶¶ 15-16.) In this District, such allegations have repeatedly been held sufficient to survive the pleading stage. *See, e.g.*, *Kubas v. Standard Parking Corp. IL*, 594 F. Supp. 2d 1029, 1031-32 (N.D. Ill. 2009); *Troy v. Home Run Inn, Inc.*, No. 07-cv-4331, 2008 WL 1766526, at *2 (N.D. Ill. Apr. 14, 2008); *Dudzienski v. Gordon Food Serv., Inc.*, No. 07-cv-4033, 2008 WL 4372720, at *1 (N.D. Ill. Mar. 19, 2008); *Follman v. Hospitality Plus of Carpentersville Inc.*, 532 F. Supp. 2d 960, 963 (N.D. Ill. 2007); *Harris v. Wal-Mart Stores, Inc.*, No. 07-cv-2561, 2007 WL 3046162, at *2 (N.D. Ill. Oct. 10, 2007); *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 785 (N.D. Ill. 2007).

For example, the complaint in *Follman v. Village Squire, Inc.*, 542 F.Supp.2d 816 (N.D. Ill. 2007) alleged that the defendant-merchant issued a credit card receipt to the plaintiff containing the expiration date of his credit card in violation of FACTA. *Id.* at 819. The complaint alleged that defendant-merchant was aware of the FACTA truncation requirement because it was given three years to comply with FACTA and because major companies involved in the processing of credit cards informed defendant-merchant of the requirement. *Id.* at 820. The complaint also detailed the contractual obligation to become compliant with FACTA imposed on the defendant-merchant by those same major companies prior to FACTA's own mandatory compliance date and alleged that most of defendant-merchant's peers and competitors had come into compliance with FACTA. *Id.* The court, applying the *Safeco* definition of "willfulness," found that the complaint contained sufficient factual matter to plausibly suggest defendant-

merchant's willful violation of FACTA's truncation requirement and denied the defendant-merchant's motion to dismiss. *See id*. This Court agrees with the result in *Follman*, and reaches the same conclusion with respect to the similar allegations in Lavery's complaint.

*Huggins v. SpaClinic, LLC*, No. 09-cv-2677, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010), a case relied upon by RadioShack, is factually distinguishable from the present action. In *Huggins,* the court dismissed the complaint without prejudice and granted leave for an amended complaint that would adequately allege willfulness. *Id.* at *2. The plaintiff's allegations that "FACTA's requirements were well-publicized and that credit card companies required compliance with statute" were found not to be specific enough since they did not allege that the defendant-merchant itself had notice. *Id.* Thus, the plaintiff's allegation that the defendant-merchant "willfully disregarded the mandates of FACTA" was deemed conclusory. *Id.* In contrast, here, Lavery alleges that RadioShack had notice of FACTA's requirements by referencing RadioShack's status as a major national retailer, FACTA's own requirement that merchants become compliant within three years, and the notice and contractual obligation imposed by VISA, MasterCard, other card associations, acquirers, and issuers. (Dkt. No. 27 at ¶¶ 10, 15-16.)

Finally, RadioShack argues that Magistrate Judge Valdez's opinion approving the class settlement in *Redman* supports dismissal of Lavery's individual action because of the similar factual allegations. (Mot. to Dismiss, Dkt. No. 22 at 3-4; Reply, Dkt. No. 24 at 4.) The Court disagrees. RadioShack relies on Judge Valdez's acknowledgement of the "difficulty of proving willful violations of FACTA" and the high burden on the plaintiffs. *Redman v. RadioShack Corp.,* Mem. Op. at 10, No. 11-cv-6741 (N.D. Ill., Apr. 7, 2014) (Dkt. No. 158). However, Lavery's burden in surviving a Rule 12(b)(6) motion and Lavery's burden in establishing a

willful violation at trial are not the same. At this early stage in the litigation, Lavery need not plead specific facts, nor should he be expected to without the benefit of discovery. *See Harris*, 2007 WL 3046162, at *2. In short, Lavery's Amended Complaint is sufficiently plead to survive a motion to dismiss.  Whether Lavery will prevail on the merits remains to be determined at a later stage.

## CONCLUSION

For the reasons stated above, Lavery has satisfactorily pleaded that RadioShack willfully violated FACTA's truncation requirement.  Accordingly, Defendant RadioShack's Motion to Dismiss is denied.

Dated: June 23, 2014

Entered:

Andrea R. Wood
United States District Judge